F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS L. McNEILL, A/K/A
THOMAS L. McNEIL,

Defendant - Appellant.

No. 07-3068

(D. Kansas)

(D.C. No. 06-CR-10205-JTM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Thomas McNeill conditionally pleaded guilty to being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). He now appeals his

conviction, arguing that Congress exceeded its Commerce Clause authority in

enacting § 922(g)(1). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

affirm.

I.

On September 19, 2006, Mr. McNeill was charged in a two-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). He filed a pre-trial motion to dismiss the indictment on the grounds that these sections of Title 18 violate the Commerce Clause. The district court denied his motion.

On November 29, 2006, Mr. McNeill entered a conditional guilty plea to being a felon in possession of a firearm in violation of § 922(g)(1). In the agreement, he stipulated that he was previously convicted of felony aggravated battery and that he possessed, on March 24, 2006, a handgun that traveled in interstate commerce from Florida, its place of manufacture, to Kansas. In exchange for Mr. McNeill's guilty plea, the government dropped the § 922(k) charge. As part of the plea agreement, Mr. McNeill reserved the right to challenge the constitutionality of § 922(g)(1).

On February 22, 2007, the district court sentenced Mr. McNeill at the low-end of the advisory Guidelines range to 84 months' imprisonment to be followed by 3 years' supervised release. This timely appeal followed.

II.

On appeal, Mr. McNeill renews his Commerce Clause challenge to §

922(g)(1).  Specifically, he contends that Congress lacks the authority to criminalize the possession of a firearm when the firearm's only connection with interstate commerce was that it crossed state lines at some point in the past.

We have repeatedly rejected similar challenges to § 922(g)(1) under "[t]he constitutional understanding implicit in Scarborough [v. United States, 431 U.S. 563 (1977)] – that Congress may regulate any firearm that has *ever* traversed state lines."  United States v. Patton, 451 F.3d 615, 634 (10th Cir. 2006) (emphasis added).  See, e.g., United States v. Dorris, 236 F.3d 582, 584 (10th Cir. 2000); United States v. Farnsworth, 92 F.3d 1001, 1006 (10th Cir. 1996); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995).  Mr. McNeill recognizes as much but vigorously maintains that Scarborough (and consequently our precedent) cannot be harmonized with the Supreme Court's more recent decisions in United States v. Lopez, 514 U.S. 549 (1995); United States v. Morrison, 529 U.S. 598 (2000); and Gonzales v. Raich, 545 U.S. 1 (2005).

We must disagree.  As we recently made clear, Scarborough survived these recent Supreme Court decisions and "we are bound by [it]."  Patton, 451 F.3d at 636.  Moreover, "[e]ven if we were not persuaded that Scarborough remains the case which directly controls, we would still be compelled to follow its reasoning by prior decisions of this Court, which have continued to adhere to Scarborough despite Lopez and subsequent cases."  Id. (internal quotation marks and citations omitted).  Thus, at this juncture, if § 922(g)(1) exceeds Congress's

Commerce Clause powers, it is for the Supreme Court to so hold.

In the alternative, Mr. McNeill invites us to apply the "constitutional doubt" doctrine of Jones v. United States, 529 U.S. 848 (2000), whereby a statute susceptible to two constructions should be interpreted to avoid "grave and doubtful constitutional questions," to § 922(g)(1). 529 U.S. at 239 (internal quotation marks omitted). He suggests that we could apply this doctrine "to require a greater 'nexus' to, or 'effect' on, interstate commerce than the mere fact that the firearm was manufactured outside of the state of possession in order to sustain a conviction under . . . § 922(g)." Aplt's Br. at 21.

This argument is meritless as Mr. McNeill, at bottom, misapprehends the doctrine of constitutional doubt: no doubts regarding the construction of a statute exist when prior precedent directly upholds that construction. See United States v. Grisel, 488 F.3d 844, 847 (9th Cir. 2007) (en banc) ("The doctrine of constitutional doubt does not trump the principle of *stare decisis*. If a precedent of the Supreme Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to the Court the prerogative of overruling its own decisions." (alterations and internal quotation marks omitted)).

### III.

For the foregoing reasons, Mr. McNeill's conviction is AFFIRMED.

Entered for the Court,


Robert H. Henry
Circuit Judge