FILED
United States Court of Appeals
Tenth Circuit

**April 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GENE A. GORDON,

     Defendant-Appellant.

No. 07-3225
(D.C. No. 07-CR-10003-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Defendant-appellant Gene A. Gordon entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His plea agreement preserved his right to appeal one issue: Whether § 922(g)(1) is unconstitutional because it is not supported by the Commerce Clause. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Title 18, section 922(g)(1) of the United States Code criminalizes the possession of a firearm "which has been shipped or transported in interstate or foreign commerce" by anyone convicted of a crime punishable by more than one year's imprisonment. Gordon admitted to being a felon and possessing a Beretta handgun. In addition, because Beretta does not manufacture weapons in Kansas, Gordon acknowledged that the government could easily prove that the weapon had been transported in interstate commerce.

On appeal, Gordon argues that the felon-in-possession statute violates the Commerce Clause.[1] He contends that the mere fact that the handgun was transported across state lines provides an insufficient nexus to interstate commerce when his own possession occurred entirely within the State of Kansas. He relies primarily on United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000). See Lopez, 514 U.S. at 651 (holding that a federal statute criminalizing firearm possession in school zones was not supported by the Commerce Clause because it lacked an intrastate commerce element); Morrison, 529 U.S. at 617-18 (rejecting an argument that "Congress may regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce").

---

[1] Gordon states that he challenges the constitutionality of § 922(g) to preserve the issue for further review.

- 2 -

Long before these cases, in Scarborough v. United States, 431 U.S. 563 (1977), the Supreme Court upheld a felon-in-possession statute that required no "more than the minimal nexus that the firearm have been, at some time, in interstate commerce." Id. at 575. Even after Lopez and Morrison, "[t]he constitutional understanding implicit in Scarborough—that Congress may regulate any firearm that has ever traversed state lines—has been repeatedly adopted for felon-in-possession statutes by this Court." United States v. Patton, 451 F.3d 615, 634 (10th Cir. 2006); see also United States v. Dorris, 236 F.3d 582, 584-86 (10th Cir. 2000); United States v. Farnsworth, 92 F.3d 1001, 1006 (10th Cir. 2000); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995). We are bound by these prior decisions.

Gordon argues that even if we are less than persuaded that § 922(g) violates the Commerce Clause, we should apply the "constitutional doubt" doctrine of Jones v. United States, 529 U.S. 848 (2000). Jones held that when a statute is susceptible to two constructions—one clearly constitutional and another raising grave constitutional questions—courts should adopt the clearly constitutional reading. Id. at 857. We disagree that the natural construction of § 922(g), which criminalizes possession of a firearm that has at any time in the past crossed state lines, creates any constitutional doubt. See United States v. McNeill, 239 F. App'x 449, 450-51 (10th Cir. Aug. 20, 2007) (unpublished) (citing United States v. Grisel, 488 F.3d 844, 847 (9th Cir. 2007) (en banc)) ("[N]o doubts regarding

- 3 -

the construction of a statute exist when prior precedent directly upholds that construction.").

   **AFFIRMED**.


              ENTERED FOR THE COURT


              Carlos F. Lucero
              Circuit Judge